IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| KELLY LYNN HENSLEY, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | Civil Case No. 04-3341-CV-S-RED |
| | ) | Criminal Case No. 03-3041-CR-S-RED |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

Now before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) filed by Kelly Lynn Hensley. In the Motion, Hensley seeks post-conviction relief, alleging that two enhancements added to Hensley's sentence based on facts stated in the Presentence Investigation Report violated his rights under *Blakely v. Washington* and *United States v. Booker*. For the reasons below, the Court DENIES the Motion.

## I. Factual Background

After a criminal complaint had been filed, Kelly Lynn Hensley was indicted on April 4, 2003, by a federal grand jury for knowingly possessing a firearm, that is, a destructive device commonly known as an incendiary bomb, not then registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. §§ 5841, 5845, 5861(d), and 5871. Hensley was originally represented by the Federal Public Defender and then retained Shawn Askinosie and Theresa Grantham as counsel. On May 7, 2003, Hensley, with counsel present, entered a plea of guilty to the indictment. Hensley and the Government also signed a plea agreement. The agreement stated, among other things:

- Hensley knowingly possessed an operating incendiary device not registered to him. In total, Hensley possessed three, but less than seven, destructive devices. (¶ 2)
- In return for the plea, the United States Attorney for the Western District of Missouri would file no additional charges. (¶ 7)
- Hensley agreed "not to appeal or otherwise challenge the constitutionality or legality of the Sentencing Guidelines. [Hensley] understands and acknowledges that his sentence will be determined and imposed pursuant to those Sentencing Guidelines. [Hensley] ... expressly waives the right to appeal his sentence, directly or collaterally, on any ground except an upward departure..., a sentence in excess of the statutory maximum, or a sentence in violation of the law apart from the Sentencing Guidelines." (¶ 10)
- The parties agreed that the base offense level for the offense was 18 pursuant to USSG § 2K2.1(a)(5), that a two-level enhancement for a destructive device applied pursuant to USSG § 2K2.1(b)(3), and that Hensley qualified for three level reduction for acceptance of responsibility under USSG § 3E1.1. The government, but not Hensley, believed that because more than three but less than eight firearms were involved, that an additional two-level enhancement applied under USSG § 2K2.1(b)(1)(A), and because the firearm was possessed in relation to or to be used in commission of another felony, a four level enhancement applied under USSG § 2K2.1(b)(5). (¶ 12)
- Except as delineated in Paragraph 12, the parties were free to advocate their respective positions on any other issue at the sentencing hearing. (¶ 13)

This Court approved the plea agreement, and Hensley pled guilty. A presentence investigation report was prepared, and, prior to sentencing, Hensley's counsel filed objections to

the Presentence Investigation Report. Hensley objected to the Report's statement that he fired a shotgun into the front of the victim's residence, objected to the Report's statement that he parked in the victim's driveway, turned off the ignition of his vehicle and stared at the residence, objected to the statement that the Ruger .223 rifle found in the vehicle was operable at the time, and objected to the inclusion of statements made by another witness regarding statement claimed to be made by Hensley regarding past criminal conduct. At the sentencing hearing, Hensley's counsel admitted that those facts did not affect the Guideline calculations. *See Sentencing Tr.* at 4-5. After argument regarding the enhancements, the Court found that based on the facts stated in the PSR and *not objected to by Defendant*, both disputed enhancements applied. The Court then sentenced Hensley to 48 months' confinement, three years' supervised release, a $100 special assessment, and fine of $10,000. The judgment order was filed on August 26, 2003, and returned as executed on September 29, 2003. Hensley did not file an appeal.

On August 19, 2004, Hensley filed the § 2255 motion before the Court. Originally, Hensley argued that the Court violated Hensley's Sixth Amendment rights by applying the enhancements based on the facts stated in the PSR in violation of *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004), decided June 24, 2004. Hensley filed a supplemental brief arguing that his sentence should be vacated pursuant to *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005), decided January 12, 2005.

## II. Standard of Review

Section 2255 of Title 28 allows a prisoner in federal custody to attack a sentence imposed by a federal court, on the grounds that the court lacked jurisdiction to impose the sentence, that the sentence was not authorized by law or was otherwise open to collateral attack, or that the

prisoner's constitutional rights have been denied or infringed upon to render the judgment vulnerable to collateral attack. 18 U.S.C. § 2255; *Hill v. United States*, 368 U.S. 424, 426-27, 82 S. Ct. 448, 470, 7 L. Ed. 2d 417 (1962). Relief under § 2255 is "reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal, and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996). "A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error." *Id.*

### III. Analysis

In the Motion, Hensley first argues that *Blakely v. Washington*, and then *United States v. Booker*, can be applied retroactively and require that his sentence be vacated based on the Court's application of two enhancements not agreed to by Hensley in the plea agreement or at the sentencing hearing. Hensley did not directly appeal his sentence, and the case became final long before *Blakely* and *Booker* were decided. Thus, relief may be granted only if *Booker* can be applied retroactively to Hensley's final sentence. The overwhelming weight of authority of courts that have addressed the issue have found that *Booker* does not apply to final sentences and cannot be applied retroactively. *See, e.g.*, *Cirilo-Muñoz v. United States*, 404 F.3d 527, 533 (1st Cir. 2005) (reasoning that it is "unlikely" that the Supreme Court will apply *Booker* retroactively because such a holdings "would comprise tens of thousands os sentences imposed under a regime whose lawfulness was assumed during most of this period" and citing published an unpublished cases from the Second, Sixth, Seventh, Tenth, and Eleventh circuits holding that *Booker* does not apply retroactively); *Lloyd v. United States*, __ F.3d __, 2005 WL 1155220 (3d Cir. May 17,

2005) (holding that *Booker* is a "new," "non-watershed," "procedural" rule under the retroactivity analysis of *Teague v. Lane*, 489 U.S. 288 (1989)); *Mack v. McFadden*, No. 05-3035-CV-S-DW, 2005 WL1155682 (W.D. Mo. May 16, 2005) (noting *Booker's* lack of retroactivity and citing cases from the Sixth, Tenth, and Eleventh Circuits); *United States v. Escobar*, No. CRIM.02-129(1)ADM/RL, 2005 WL 1073651 (D. Minn. May 6, 2005) (analyzing *Booker*'s effect and determining that is it not to be applied retroactively); *LaPointe v. United States*, No 04-0584-W-ODS-P, 2005 WL 670742 (W.D. Mo. March 10, 2005) (holding that a prisoner cannot bring a *Booker* § 2255 claim to apply to a pre-*Booker* sentence even if the sentence was final less than one year prior to the Court's *Blakely* decision).

Additionally, Hensley's plea agreement prevented him from collaterally attacking his sentence except in certain circumstances. Hensley has not shown that this appeal waiver was void because he did not enter it knowingly and voluntarily. *See Escobar*, 2005 WL 1073651 at *1. Because Hensley's collateral attack waiver is valid, and because *Booker* is not applied retroactively to final convictions, the Motion has no merit.

Finally, to the extent that Hensley challenges the legal determination that the enhancements apply based on the facts stipulated to in the PSR, his claim has not been properly preserved through appeal and is inappropriate in a § 2255 proceeding. *See Cirilo-Muñoz*, 404 F.3d at 532. Thus, his claims, whether construed as a collateral attack based on *Booker* or on the merits of the Court's decision itself, must be denied.

## IV. Conclusion

Upon review of Movant's 28 U.S.C. § 2255 Motion (Doc. 1) the briefs and supplementary briefs, the Government's responses, and the record and proceedings in the underlying criminal

case, the Court finds that none of Movant's arguments warrant relief under § 2255. Additionally, the Court finds that all the issues can be conclusively resolved by the record and that a hearing is not warranted. *See Bradshaw v. United States*, 153 F.3d 704, 708 (8th Cir. 1998). Accordingly, it is hereby

ORDERED that Movant's Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) is **DENIED.**

**IT IS SO ORDERED.**

DATE:  May 20, 2005    */s/ Richard E. Dorr*
                RICHARD E. DORR, JUDGE
                UNITED STATES DISTRICT COURT